## Keister v. World Life & Health Insurance Company of Pennsylvania

*Louis Sensenich,* for plaintiff.

*Charles Lehman* and *Thomas Godlewski,* for defendant.

MIHALICH, J., January 11, 1974.—Plaintiff filed his complaint in assumpsit on September 10, 1971, alleging that under the terms of a Hospital and Nurse Policy existing between plaintiff and defendant, defendant was liable to plaintiff for a certain sum due to the hospitalization of plaintiff. The amount of the claim was stipulated, but defendant alleged that the claim of plaintiff was excluded since it was paid substantially by Medicare, and the original policy excluded coverage of expenses paid by other insurance.

The case was tried nonjury before the court on April 3, 1973, resulting in a verdict for plaintiff for the stipulated amount. Defendant thereafter moved for a new trial for the following reasons:

1. The verdict is against the weight of the evidence.
2. The verdict is against the evidence.
3. The verdict is against the law.

The basis of plaintiff's claim is couched in the theory of reliance. Plaintiff contends that certain literature dispersed by defendant led him to believe

that the policy would pay benefits to plaintiff, regardless of any benefits paid by Medicare.

For plaintiff to sustain the verdict on the theory of reliance, he must show that there was a material representation made to him, and that he relied on such representation to his detriment. The court believes plaintiff has sustained his burden. Plaintiff has shown that he had a policy in effect with the defendant company. The original policy contained a provision which excluded coverage of expenses paid by other insurance. Several months after receiving the original policy, plaintiff received a notice from defendant in the form of a sticker which was to be attached to the policy. The sticker read: "Important—Folks over age sixty-five. Your policy now pays cash benefits in addition to your Medicare Plan."

Plaintiff also received a statement which read: "This policy pays cash benefits directly to you. All benefits payable in your policy are payable in addition to any benefits you or a covered member of your family may receive under Medicare and may be used by you or a covered member of your family to pay for any and every expense. Remember, Medicare is not total care; World Mutual does care. This should be kept with your policy."

Approaching age 65, plaintiff had to decide if it were beneficial to him to keep this policy in effect, or to allow it to lapse and apply for Medicare. Plaintiff believed the policy paid regardless of any Medicare benefits and, therefore, continued the policy.

Defendant contends that the writing cannot be considered an amendment or endorsement since it does not comply with Pennsylvania Law regarding Insurance Companies: Act of May 17, 1921, P. L. 682, as amended, 40 PS §753(A)(1). However, it is clear

that this regulation regarding amendments or endorsements is designed to regulate insurance company practices and protect the insured. Defendant cannot plead this as a defense to plaintiff's action.

To adopt defendant's position would be extremely unjust, and, in fact, would be a fraud upon the public. Plaintiff had the right to rely upon the representations made by defendant that the former exclusionary provision was revised, and that, in accordance with the revision, the policy would pay in addition to Medicare. It appears from the evidence that plaintiff did rely on the revision and the verdict was properly based upon the evidence.

For the above reasons, the court will enter the following

ORDER

And now, January 11, 1974, it is hereby ordered, adjudged and decreed that defendant's motion for new trial is dismissed.